UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven ROBERTSON, also known as Steven Davis, also known as Whitey, also known as Johnny Lee, also known as Mohammed, Defendant–Appellant.

No. 93–1292.

United States Court of Appeals,
Tenth Circuit.

March 6, 1995.

Before BRORBY, McWILLIAMS, Circuit Judges, and LAY, Senior Circuit Judge.[*]

This matter comes on for consideration of appellant's petition for rehearing.

Upon consideration whereof, the petition for rehearing is denied by the panel that rendered the decision. Judge Lay would grant rehearing.

LAY, Senior Circuit Judge, dissenting.

I move for a rehearing by the panel and accordingly dissent from a denial of the petition for rehearing.

The issue raised by the defendant, who received a life sentence, is one of first impression and deserves our further consideration. The case raises a serious question of what the Guidelines require, a question which is not answered by existing cases, including *United States v. Angulo–Lopez*, 7 F.3d 1506 (10th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1563, 128 L.Ed.2d 209 (1994). I originally joined the opinion because, like Judge Brorby, I felt this Circuit's decision in *Angulo–Lopez* mandated doing so. On reconsideration however, I differ from Judge Brorby in my interpretation of the significance of an amendment to the Guidelines section, U.S.S.G. § 2D1.4, on which *Angulo–Lopez* was in part based. That section provided as follows:

Base Offense Level: If a defendant is convicted of a conspiracy or an attempt to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed.

U.S.S.G. § 2D1.4 (1993). As Judge Brorby notes, that section was deleted by consolidation with section 2D1.1 effective November 1, 1992, that is, it has been consolidated with the drug equivalency tables, U.S.S.G. § 2D1.1 (1994). I feel it is the intent of the Commission that the drug equivalency tables, under the facts and circumstances here, should govern the sentencing of an individual who has been convicted of two separate counts involving different drugs.

I fully agree with our original opinion that holds "[a] defendant convicted of a drug conspiracy is sentenced based on the total amount of drugs involved as if the object of the conspiracy had been completed ... provided that the drug quantities were reasonably foreseeable to the defendant and within the scope of his conspiratorial agreement." *United States v. Robertson*, 45 F.3d 1423, 1445 (10th Cir.1995). But I am not completely convinced that the intent of the Guidelines with respect to a defendant *charged* and *convicted* on counts specifying *different* drugs, is to sentence on the basis of physically converting one drug into another, rather than deriving the conversion amount through the equivalency table.

To review, the district court determined Robertson's sentence as follows: The court converted the amount of powder cocaine seized, 871 grams, into 683 grams of cocaine base. The court then added the converted amount of cocaine base to the 69.75 grams of cocaine base actually seized, resulting in a total of 940.75 grams of cocaine base (crack cocaine). That amount yielded an offense level of thirty-six (at least 500 grams but less than 1.5 kilograms of cocaine base). Additions to Robertson's offense level from his criminal history score plus other enhancements resulted in the trial court sentencing him to life imprisonment.

[*] The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

My difficulty with following this method in this case arises from the fact Robertson was charged *both* with possession with the intent to distribute cocaine base under Count 1 of the indictment and similarly with possession with the intent to distribute powder cocaine under Count 3.[1] The defendant was actually convicted and punished under Count 3. True, the quantity of drug involved in this offense did not contribute to his offense level independently of its conversion into crack under Count 1 and so there is no problem of double counting. But, Robertson was given a $50 special assessment fee for the conviction under Count 3.

If Robertson, like the other co-conspirators,[2] had only been charged for the conspiracy to distribute cocaine base, I would agree with the trial court's conversion method. My difficulty lies with charging and convicting a person of possessing and *distributing* cocaine powder and with conspiracy to *distribute* another drug, and then not using the equivalency tables the Guidelines provide.[3]

I can think of only two reasons for avoiding the drug equivalency tables: either the district court determined both drugs were the same drug and accordingly grouped both counts under section 3D1.2(a), (b), or (c) of the Guidelines, or the court simply reasoned that because Count 1 involves a conspiracy, the drug equivalency tables were not appropriate. If the district court did group the offenses under 3D1.2(a), (b), or (c), the court erred. The Guideline notes suggest to me that where different drugs or a drug conspiracy is involved, grouping under 3D1.2(d) is appropriate. *See* U.S.S.G. § 3D1.2, com-

ment. (n. 6). The provision under which counts are grouped determines whether the offense levels pertaining to each count are added together (3D1.2(d) groups) or whether the offense levels pertaining to the less serious counts are ignored and only the offense level of the most serious count is used in sentencing (3D1.2(a)-(c) groups). *See* U.S.S.G. § 3D1.3. On my reading, the Application Notes to section 2D1.1 of the Guidelines prescribe the use of the drug-equivalency tables for aggregating quantities of different drugs to determine an offense level. U.S.S.G. § 2D1.1 comments. That method seems to me in harmony with the nature of 3D1.2(d) groups.

The other argument, that since we are dealing with conspiracies we should not use the drug-equivalency tables, has no basis in case law or in the Guidelines that I can find. On my reading, Application Notes 6 and 8 to section 3D1.2 suggest the drug-equivalency tables should be used in cases involving conspiracies. U.S.S.G. § 3D1.2, comment. (n. 6, 8).

On this basis, I respectfully dissent from the denial of the petition for rehearing.

---

1. The judgment describes the nature of the offense under Count 1 as:
   CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE 50 GRAMS OR MORE OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE BASE
   and the nature of the offense under Count 3 as:
   POSSESSION WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE.

2. Robertson was the only co-conspirator who was charged with a separate count of possession and distribution of powder cocaine. The record does not indicate why he was charged differently than the other co-conspirators.

3. The drug equivalency tables convert different drugs into marijuana. U.S.S.G. § 2D1.1. One gram of cocaine powder equals two hundred grams of marijuana, but one gram of cocaine base equals twenty kilograms of marijuana. Using these conversion ratios, the 872 grams of powder yields 174,400 grams of marijuana, or 174 kilograms. The 69.75 grams of cocaine base yields 1,395 kilograms of marijuana. The offense level for the total of 1,569 kilograms of marijuana is 32. As indicated, the offense level found by the district court, which did not apply the equivalency tables, was 36.